**In re Alan Wendell SWANSON, Debtor.**

**Jerome ROBERTSON, Trustee, Plaintiff/Appellee,**

v.

**Alan Wendell SWANSON, Defendant/Appellant.**

**BAP NO. NC–82–1401–AsEV.**
**Bankruptcy No. 581–1321–A.**
**Adv. No. 81–0738.**

United States Bankruptcy Appellate Panels for the Ninth Circuit.

Argued Sept. 22, 1983.

Decided Feb. 10, 1984.

Marilyn Morgan, Morgan, Morgan, Towery, Morgan & Spector, San Jose, Cal., for defendant/appellant.

William C. Lewis, Ensign & Lewis, Palo Alto, Cal., for plaintiff/appellee.

Before ASHLAND, ELLIOTT and VOLINN, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge.

Debtor appeals from a judgment of the bankruptcy court denying him a discharge. The court determined that the debtor intentionally omitted valuable assets from his schedules. We reverse.

## BACKGROUND

Debtor, an accountant, filed a voluntary Chapter 7 on March 6, 1981. In the accompanying schedules he did not specifically list as an asset his accountancy practice.

On August 27, 1981 the trustee objected to discharge based on debtor's alleged fraudulent concealment of his accountancy practice. Trial was had and a judgment was issued on July 22, 1982 denying debtor

a discharge. Debtor's motion for rehearing was denied on September 9, 1982.

The bankruptcy court found as fact that the debtor "intentionally omitted his accountancy practice from his bankruptcy schedules to avoid attempts by his trustee and creditors to realize value from the accountancy practice." The court concluded as matters of law that the debtor:

1. intentionally concealed his accountancy practice in order to hinder, delay or defraud his creditors [11 U.S.C. § 727(a)(2)];

2. knowingly and fraudulently made a false oath or account [§ 727(a)(4)]; and

3. failed satisfactorily to explain the loss of assets or deficiency of assets to meet his liabilities [§ 727(a)(5)].

Each ground, if proven, is alone sufficient to deny discharge under § 727(a).

## ANALYSIS

We take no issue with the bankruptcy court's factual determination that the debtor did not list his accountancy practice in his bankruptcy schedules. Indeed, we note that there is no place in the bankruptcy schedules to set forth an accountancy practice as an asset of the estate. Debtor did, however, make reference to his employment in the statement of affairs.

We do not agree with the bankruptcy court's conclusions of law.

Whereas findings of fact may not be set aside unless clearly erroneous, Federal Rules of Civil Procedure Rule 52(a), no such standard applies to the review of conclusions of law and we may review them freely. *Pullman-Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed. 66 (1982); *Vesey v. U.S.*, 626 F.2d 627 (9th Cir.1980).

The bankruptcy court made much of the fact that a state court had given a dollar value to debtor's accountancy practice during dissolution proceedings. This, coupled with the fact that the debtor had been engaged in negotiations immediately before filing bankruptcy to sell his practice, led the bankruptcy court to conclude that the debtor knew his practice had value. That debtor's accountancy practice was given a value by the state court during dissolution proceedings, however, is not relevant to the bankruptcy proceedings. In the dissolution proceeding the valuation would be relevant to a determination of alimony and support as well as a division of property, considerations which are of no import in a bankruptcy case.

Under § 541(a)(6) future earnings do not become property of the estate. Since the earnings from an accountancy practice are derived from future earnings, that practice would not be property of the estate. No asset was hidden.

To have any significant value an accountancy practice, or for that matter any professional practice, would have to be sold and the seller would have to agree not to compete for a reasonable time in future. If there were no covenant not to compete the professionals' clients would be free to follow him and not deal with the buyer. There would be little value to the buyer in the future earnings of the seller's practice. Value would be paid to the seller only to the extent the buyer would be willing to risk competition from the seller. For similar reasons, a practice has value upon the death of its principal because there can be no competition with the buyer.

Debtor fully disclosed his entire employment history including his previous accountancy practice. There was no intent to hinder, delay, or defraud his creditors and he had no intent to hide an asset.

Had debtor agreed to a covenant not to compete, then his practice would have had a present value at least to those holding the covenant. However, since no such agreement was reached, the only value in debtor's practice was income to be derived from services to be performed at some future date.

The judgment of the bankruptcy court is reversed.