**In re Sheldon WILLS and
Joan Wills, Debtors.**

**Fogal Legware of Switzerland,
Inc., Appellant,**

**v.**

**Sheldon Wills and Joan
Wills, Appellees.**

BAP No. CC–99–1189–PBK.

Bankruptcy No. LA 98–28539 SB.

Adversary No. LA–98–02460 SB.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted on Oct. 20, 1999.

Decided Dec. 22, 1999.

Andrew K. Mauthe, Irvine, for Fogal Legwear of Switzerland, Inc., Appellants.

Sandor T. Boxer, Los Angeles, for Sheldon and Joan Wills, Appellees.

Before PERRIS, BRANDT and KLEIN, Bankruptcy Judges.

### OPINION

PERRIS, Bankruptcy Judge.

Creditor Fogal Legwear of Switzerland, Inc. ("Fogal") appeals the bankruptcy court's entry of summary judgment on its complaint to deny debtors Sheldon and Joan Wills ("Debtors") a discharge based on their prepetition transfers of property and their failure to disclose certain property and the transfers. The primary question presented by this appeal is whether the fact that property that has either been transferred prepetition or is the subject of a false oath in the bankruptcy process has little or no value to the estate precludes denying the debtor a discharge under § 727.[1] The bankruptcy court granted Debtors' motion for summary judgment because it determined that there was no evidence that the transfers and property at issue would have increased the value of the estate and that such property is not material. Although the potential value to the estate of property that is transferred prepetition or is the subject of a false oath is relevant, we determine that value is not an absolute prerequisite to materiality and to denial of discharge under § 727(a)(2) and (a)(4). We REVERSE the entry of summary judgment for Debtors and AFFIRM the denial of Fogal's motion for summary judgment.

### FACTS

Debtors owned and operated Dirigible Corporation ("Dirigible"). Fogal supplied merchandise on credit to Dirigible. When Dirigible did not pay for the merchandise, Fogal obtained a judgment against Dirigible in the amount of $173,288.06. In July of 1997, after conducting preliminary investigations into the relationship between Debtors and Dirigible, Fogal served Debtors with a Writ of Garnishment to levy on loans owed to Dirigible by Debtors. In April of 1998, the state court found that Debtors acted in bad faith in denying that they owed a debt to Dirigible and ordered that Debtors pay Fogal $173,288.06.

Debtors filed their Chapter 7 petition on May 8, 1998. Fogal filed a Complaint to Deny Discharge pursuant to § 727(a)(2) and (a)(4)(A).[2] Fogal alleged that Debtors should be denied a discharge because they did not disclose their ownership and transfer of certain assets. Specifically, Debtors did not disclose transfers of certain assets to one of their two wholly owned corporations and payments made on their behalf to reduce indebtedness owed by them to their corporations. Debtors concede that their original petition contained these inaccuracies and amended their Schedule B and Statement of Financial Affairs accordingly. Fogal also alleged that Debtors undervalued their stock in the two corporations and that. they did not accurately report their income and expenses as part of a scheme to use their corporations to conceal assets. The parties each filed motions for summary judgment.

At the hearing on the motions for summary judgment, the bankruptcy court announced its tentative decision to deny Fogal's motion for summary judgment on the basis that it had failed to establish materiality. The bankruptcy court, without distinguishing between Fogal's § 727(a)(2) and (a)(4)(A) claims, stated that if the asset in question "will not increase the amount that's paid to creditors, it's not material." Transcript, hearing on motions for summary judgment, January 26, 1999,

---

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. The complaint also alleged that Debtors should be denied a discharge pursuant to § 727(a)(5). Fogal did not pursue this claim at the bankruptcy court and we consider it abandoned.

page 2, lines 3–5. The bankruptcy court granted a continuance in order to allow Fogal to submit evidence as to the value of the assets in question.

At the continued hearing, the court reiterated its position with regard to the definition of materiality and found that the value of the assets in question was "not sufficient to make them material." Transcript, hearing on motions for summary judgment, March 16, 1999, page 1, line 21. The bankruptcy court also found that Fogal had not produced sufficient evidence of intent under both § 727(a)(2) and (a)(4)(A).

The bankruptcy court then entered a judgment denying Fogal's motion for summary judgment, granting Debtors' cross-motion for summary judgment and granting Debtors a discharge. Fogal timely appealed.

## ISSUES

1. Whether the bankruptcy court applied an incorrect legal standard of materiality on the claim under § 727(a)(4)(A).

2. Whether the bankruptcy court erred in concluding that there was no genuine issue of material fact with regard to Debtors' intent under § 727(a)(4)(A).

3. Whether the bankruptcy court erred in concluding that there was no genuine issue of material fact with regard to Debtors' intent under § 727(a)(2)(A).

## STANDARD OF REVIEW

■ This Panel reviews *de novo* a bankruptcy court's decision to grant summary judgment. *In re Baird*, 114 B.R. 198, 201 (9th Cir. BAP 1990). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether the bankruptcy court correctly found that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Id.;* Fed. R. Bankr.P. 7056; Fed.R.Civ.P. 56(c).

**3.** The Ninth Circuit has addressed a materiali-

## DISCUSSION

### 1. *Section 727(a)(4)(A)*

■ Section 727(a)(4)(A) states that a court shall grant a debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." To deny a debtor a discharge under § 727(a)(4)(A), the plaintiff must show that (1) the debtor knowingly and fraudulently made a false oath; and (2) the false oath related to a material fact. *In re Aubrey*, 111 B.R. 268, 274 (9th Cir. BAP 1990); *In re Ford*, 159 B.R. 590 (Bankr.D.Or.1993).

■ A false oath may involve a false statement or omission in the debtor's schedules. *In re Beaubouef*, 966 F.2d 174, 178 (5th Cir.1992). Debtors concede that their petition contained false statements and omissions. The issues presented concern whether there is any genuine issue as to whether Debtors acted with the requisite intent and whether the false statements and omissions contained in their petition were material. We address the materiality issue first because the bankruptcy court's understanding of this requirement influenced its findings with regard to intent.

### a. *Materiality*

■ Materiality is broadly defined. A false statement is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property. *In re Chalik*, 748 F.2d 616, 618 (11th Cir.1984). *See also In re Weiner*, 208 B.R. 69, 72 (9th Cir. BAP 1997), *rev'd on other grounds*, 161 F.3d 1216 (9th Cir.1998) (citing *Chalik* and holding that a false statement is material if it "bears a relationship to the debtor's estate, and concerns the discovery of assets, or the existence and disposition of his property").[3]

ty requirement in the analogous context of a

■ A false statement or omission may be material even if it does not cause direct financial prejudice to creditors. *See Weiner*, 208 B.R. at 72; *Chalik*, 748 F.2d at 618. *See also In re Hoblitzell*, 223 B.R. 211, 215–16 (Bankr.E.D.Cal.1998) (omission of asset may be material even if it did not financially prejudice the estate or creditors "if it aids in understanding the debtor's financial affairs and transactions"); *Ford*, 159 B.R. at 593 (omission or false statement may be material if it is relevant to the discovery of past transactions—value of omitted assets does not have to be significant to be material and no detriment to creditors need be shown); *In re Haverland*, 150 B.R. 768, 771 (Bankr.S.D.Cal. 1993) (applying standard set forth in *Chalik* and noting that materiality of false oath does not depend on whether the falsehood is detrimental to creditors).

■ The fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations. *Aubrey*, 111 B.R. at 274. "[T]he opportunity to obtain a fresh start is ... conditioned upon truthful disclosure." *Id.* "The entire thrust of an objection to discharge because of a false oath or account is to prevent knowing fraud or perjury in the bankruptcy case. As a result, the objection should not apply to minor errors or deviations in testimony under oath." William L. Norton, Jr., NORTON BANKRUPTCY LAW AND PRACTICE 2D § 74.11 (1997). A false statement or omission that has no impact on a bankruptcy case is not grounds for denial of a discharge under § 727(a)(4)(A). 6 Lawrence P. King et al., COLLIER ON BANKRUPTCY ¶ 727.04[1][b] (15th ed. Rev.1998)(citing *In re Fischer*, 4 B.R. 517 (Bankr.S.D.Fla.1980)). As a result, omissions or misstatements relating to assets having little or no value may be considered immaterial. *See, e.g., In re Waddle*, 29 B.R. 100 (Bankr.W.D.Ky.1983). Likewise, omissions or misstatements concerning property that would not be property of the estate may not meet the materiality requirement of § 727(a)(4)(A). *See, e.g., In re Swanson*, 36 B.R. 99 (9th Cir. BAP 1984). However, an omission or misstatement relating to an asset that is of little value or that would not be property of the estate is material if the omission or misstatement detrimentally affects administration of the estate.

In determining whether or not an omission is material, the issue is not merely the value of the omitted assets or whether the omission was detrimental to creditors. Even if the debtor can show that the assets were of little value or that a full and truthful answer would not have directly increased the estate assets, a discharge may be denied if the omission adversely affects the trustee's or creditors' ability to discover other assets or to fully investigate the debtor's pre-bankruptcy dealing and financial condition. Similarly, if the omission interferes with the possibility of a preference or fraudulent conveyance action the omission may be considered material.

6 King, COLLIER ON BANKRUPTCY ¶ 727.04[1][b].

■ In this case, the bankruptcy court determined that the false statements and omissions in Debtors' petition were not material solely because Fogal did not show that the assets had sufficient value to increase the amount paid to creditors.

---

conviction for bankruptcy fraud under 18 U.S.C. § 152, which makes it a crime for a person to knowingly and fraudulently make a false oath or account in or in relation to any case under title 11. *See United States v. Lindholm*, 24 F.3d 1078 (9th Cir.1994). In order to convict a defendant of bankruptcy fraud under 18 U.S.C. § 152, the false oath or account must relate to a material fact. *Id.* at 1082. In *Lindholm*, the court held that the scope of materiality includes (1) matters relating to the extent and nature of the debtor's assets; (2) inquiries relating to the debtor's business transactions or estate; (3) matters relating to the discovery of assets; (4) the history of the debtor's financial transactions; and (5) statements designed to secure adjudication by a particular bankruptcy court. *Id.* at 1083.

Based on the above authorities, we conclude that a statement or omission relating to an asset that is of little value or that would not be property of the estate can be material if it detrimentally affects the administration of the estate. The bankruptcy court applied an incorrect interpretation of the materiality requirement of § 727(a)(4)(A). We therefore remand so that the court can apply the correct legal standard.

#### b. *Intent*

 To deny a debtor a discharge under § 727(a)(4)(A), the plaintiff must show that the debtor knowingly and fraudulently made a false oath. *Aubrey*, 111 B.R. at 274. Intent must be actual, not constructive. *In re Devers*, 759 F.2d 751, 753 (9th Cir.1985).

 A debtor's fraudulent intent may be established by circumstantial evidence or by inferences drawn from his or her course of conduct. *Devers*, 759 F.2d at 753–54; *Hoblitzell*, 223 B.R. at 215. The requisite intent may be found from the surrounding circumstances and certain "badges of fraud" including (1) a close relationship between the transferor and the transferee; (2) that the transfer was in anticipation of a pending suit; (3) that the debtor was in poor financial condition at the time of the transfer; (4) that the debtor transferred all or substantially all of his property; (5) that the transfer left no assets to satisfy creditors; and (6) that the debtor received inadequate consideration. *See In re Woodfield*, 978 F.2d 516, 518–19 (9th Cir.1992).[4] Not all of these factors need be present in order to find that a debtor acted with the requisite intent. *Id.* A court may find the requisite intent where there has been a pattern of falsity or from a debtor's reckless indifference to or disregard of the truth. *In re Coombs*, 193 B.R. 557, 564 (Bankr.S.D.Cal.1996).

#### (1) Debtors' Motion for Summary Judgment

The bankruptcy court's application of an incorrect materiality standard limited its consideration of evidence supporting Fogal's assertion that Debtors acted with the intent required under § 727(a)(4)(A). The bankruptcy court did not consider the facts and circumstances surrounding all of the false statements and omissions because it erroneously disregarded those false statements and omissions that it had erroneously found to be immaterial. *See* Transcript, hearing on motions for summary judgment, March 16, 1999, pages 20–21.

 Debtors argue that the court merely considered the fact that the assets involved in the misstatements and omissions had little value in determining that Debtors did not knowingly and fraudulently make a false oath. Although Debtors are correct that intent is not necessarily dependent on the materiality of a misstatement or omission, and that a court may consider the fact that an asset has little value as a factor in its determination of a debtor's intent under § 727(a)(4), *In re Mereshian*, 200 B.R. 342, 346 (9th Cir. BAP 1996), that is not what the bankruptcy court did in this case. The court clearly concluded that, because the assets that either were not reported or were erroneously reported had little value to the estate, Debtors did not have any intent to make a false oath. That per se approach is inconsistent with consideration of all the relevant factors in determining intent.

Because the bankruptcy court applied an incorrect interpretation of materiality and that interpretation informed its view of intent, we reverse the grant of summary judgment in favor of Debtors on the § 727(a)(4) claim.

---

4. *Woodfield* involved § 727(a)(2). "The analysis of what constitutes intent to defraud with respect to section 727(a)(2) is largely applicable to section 727(a)(4)." 6 Lawrence P. King et al., COLLIER ON BANKRUPTCY ¶ 727.04[1][a], p. 39 (15th ed. Rev.1998). *See also In re Coombs*, 193 B.R. 557, 564 (Bankr.S.D.Cal. 1996) (applying similar badges of fraud).

#### (2) Fogal's Motion for Summary Judgment

■ Fogal argues that the bankruptcy court erred in denying its motion for summary judgment. Summary judgment is ordinarily not appropriate in a § 727 action where there is an issue of intent. *See, e.g., In re Stuerke,* 61 B.R. 623 (9th Cir. BAP 1986) (fraud claims so attended by factual issues that summary judgment seldom possible). Fogal is not entitled to summary judgment under § 727 because the record in this case, unlike in *Devers,* includes credible evidence beyond mere self-serving statements of intent which creates a genuine issue of material fact as to whether Debtors acted with the requisite intent under § 727. For example, the record includes evidence that Debtors transferred assets on the advice of their accountant for tax considerations.

#### 2. *Section 727(a)(2)(A)*

■ Section 727(a)(2)(A) provides that a court shall grant a debtor a discharge unless "the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property . . . has transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of the filing of the petition." "Two elements comprise an objection to discharge under § 727(a)(2)(A): 1) a disposition of property, such as transfer or concealment, and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor..." *In re Beauchamp,* 236 B.R. 727, 732 (9th Cir. BAP 1999) (quoting *In re Lawson,* 122 F.3d 1237, 1240 (9th Cir.1997)). The transfer must occur within one year prepetition. *Lawson,* 122 F.3d at 1240. Lack of injury to creditors is irrelevant under § 727(a)(2). *In re Bernard,* 96 F.3d 1279, 1281–82 (9th Cir.1996).

■ As with § 727(a)(4)(A), intent may be inferred from the actions of the debtor. *Devers,* 759 F.2d at 753–54. The necessary intent under § 727(a)(2) "may be established by circumstantial evidence, or by inferences drawn from a course of conduct." *In re Adeeb,* 787 F.2d 1339, 1343 (9th Cir.1986) (quoting *Devers,* 759 F.2d at 753–54).

As mentioned above, Debtors admit that they did not disclose certain transfers and that they omitted assets in their petition. The issues presented concern whether the bankruptcy court applied the correct standard of law and whether Debtors acted with the requisite intent.

■ The bankruptcy court erred in granting Debtors' motion for summary judgment. Although § 727(a)(2) does not contain a materiality element, the bankruptcy court applied considerations of materiality to Fogal's § 727(a)(2)(A) claim.[5] In addition, a genuine issue exists as to whether Debtors acted with the requisite intent. As with its consideration of intent under § 727(a)(4)(A), the bankruptcy court improperly limited its consideration of evidence supporting Fogal's claim that Debtors acted with the requisite intent based on its conclusion that only false statements and omissions that cause direct financial prejudice to creditors are material.

■ Debtors appear to argue that the transfers at issue cannot be grounds for a denial of discharge under § 727 because they transferred the assets to their wholly owned corporations and so the transfers did not reduce their net worth. Transfers made with the intent to hinder or delay a creditor's collection efforts constitute grounds for denial of a discharge under § 727(a)(2) even if the transfer does not reduce a debtor's total assets. The transfers in question here may have been made with the intent to interfere with Fogal's

---

**5.** As mentioned above, consideration of value is proper when considering intent. Here the bankruptcy court applied a materiality element separate and distinct from its determination of intent.

attempts to locate and execute on Debtors' assets.

## CONCLUSION

The bankruptcy court applied an incorrect legal standard of materiality, which had an impact on its determination of intent on the claims to deny Debtors a discharge. We therefore REVERSE the court's entry of summary judgment for Debtors. There is a genuine issue of material fact that precludes summary judgment on Fogal's motion, and we AFFIRM denial of Fogal's motion for summary judgment. We REMAND for the bankruptcy court to apply the correct legal standard.