MEMORANDUM**
Frederick C. Creasy, Jr. (“Debtor”) and his wife Marilyn Creasy appeal pro se the district court’s order affirming the bankruptcy court’s order granting Trustee David A. Birdsell judgment in his adversary proceeding in which Birdsell sought to avoid fraudulent and post-petition transfers, and to deny Debtor’s discharge pursuant to 11 U.S.C. § 727(a)(3) & (4). We have jurisdiction under 28 U.S.C. § 158(d). We stand in the same position as did the district court in reviewing the bankruptcy court’s order, and we review the bankruptcy court’s findings of fact for clear error and its conclusions of law de novo. Levander v. Prober (In re Levander), 180 F.3d 1114, 1118 (9th Cir.1999). We affirm.
The bankruptcy court did not err in concluding that Debtor should be denied discharge of his debts because it is undisputed that he deliberately omitted from his Bankruptcy Schedules any reference to his interest and involvement in Managed Care Competition, Inc. (“MCC”). See 11 U.S.C. § 727(a)(4)(A); Fogal Legware of Switzerland, Inc. v. Wills (In re Wills), 243 B.R. 58, 62-63 (9th Cir.BAP1999). A debtor may rely on the advice of counsel only if the advice is reasonable, and the debtor’s reliance is in good faith. See First Republic Bank v. Adeeb (In re Adeeb), 787 F.2d 1339, 1343 (9th Cir.1986). The bankruptcy court’s rejection of Debtor’s explanation for the omissions was not clearly erroneous on the record before us.
The bankruptcy court’s findings support its conclusion that Debtor’s post-petition income from MCC is property of the bankruptcy estate See 11 U.S.C. § 541(a); see also Cusano v. Klein, 264 F.3d 936, 945 (9th Cir.2001) (“post-petition revenues belong to the estate to the extent they are based on pre-petition services or agreements”). The court did not err in concluding that the estate was also entitled to the pre-petition income Debtor received from MCC after he ceased to be involved in the company’s day-to-day operations. See 11 U.S.C. § 105(a) (bankruptcy court has the authority to “issue any order or judgment that is necessary or appropriate to carry out the provisions” of the Bankruptcy Code); Graves v. Myrvang (In re Myrvang), 232 F.3d 1116, 1125 (9th Cir.2000).
The bankruptcy court did not err in entering judgment against Debtor’s community property because Debtor offered no evidence to overcome the presumption that debts incurred by either spouse during marriage belong to the community. See Johnson v. Johnson, 131 Ariz. 38, 638 P.2d 705, 711-12 (1981).
*47 Debtor’s remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.