**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re: BENJAMIN LEE TAYLOR and JANET LOUISE TAYLOR,<br><br>          Debtors,<br>_____<br><br>BENJAMIN LEE TAYLOR,<br><br>          Appellant,<br><br>   v.<br><br>KAREN GOOD, DBA Judgment Enforcement Bureau,<br><br>          Appellee. | No.   17-60000<br><br>BAP No. 15-1316<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Faris, Bankruptcy Judges, Presiding

Argued and Submitted February 5, 2018
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and KORMAN,[**] District Judge.

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Benjamin Taylor appeals from a decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's denial of discharge under both 11 U.S.C. § 727(a)(2)(A) and § 727(a)(4). We affirm.

"We review decisions of the BAP de novo and apply the" same standard of review as it did to the bankruptcy court's decision. *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010). We review the bankruptcy court's factual determinations for clear error, and its legal conclusions—as well as its determinations of mixed questions of law and fact—de novo. *In re Searles*, 317 B.R. 368, 373 (B.A.P. 9th Cir 2004).

1. The bankruptcy court did not err in denying discharge under § 727(a)(2)(A), which permits denial if "the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred . . . or concealed . . . property of the debtor, within one year before the date of the filing of the petition." In the months leading up to the filing of his Chapter 7 petition, Taylor used a closely held corporation's Bank of America account—of which he was an authorized signer—to deposit checks made out to him personally and to pay various personal expenses. Taylor not only failed to disclose the account in his bankruptcy filings but also testified that the relevant corporation was dissolved and that it did not have a Bank of America account. The record thus supports the conclusion that Taylor transferred and concealed his property.

Relying on *In re Thurman*, 901 F.2d 839, 841 (10th Cir. 1990), Taylor argues that he did not dispose of "property of the debtor" or "property of the estate," as required by § 727(a)(2)(A), because the account was in the corporation's name, not his own. But Taylor, unlike the debtors in *Thurman* and the other cases he cites, transferred and concealed his own, personal funds, not assets of a corporation in which he merely had a derivative interest. *See id.*

Moreover, the bankruptcy court did not clearly err in finding that Taylor acted with the intent to hinder, delay, and defraud his creditors. *See In re Woodfield*, 978 F.2d 516, 518 (9th Cir. 1992) ("The existence of this intent is a finding of fact reviewable for clear error."). "[I]ntent may be established by circumstantial evidence, or by inferences drawn from a course of conduct." *In re Adeeb*, 787 F.2d 1339, 1343 (9th Cir. 1986) (internal quotation marks omitted). Taylor used his closely held corporation's account for personal purposes, and he explained that he did so because of various liens and levies on his other accounts. *See Woodfield*, 978 F.2d at 518 (listing various "badges of fraud"). Moreover, he only admitted to the account's existence after a creditor had discovered it on her own.

2. The bankruptcy court also did not err in denying discharge based on Taylor's intentional and fraudulent omission of the corporate account from his bankruptcy schedules. Section 727(a)(4) provides for a denial of discharge when

"the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." And "[a] false statement or an omission in the debtor's bankruptcy schedules or statement of financial affairs can constitute a false oath." *Retz*, 606 F.3d at 1196 (quoting *In re Khalil,* 379 B.R. 163, 172 (B.A.P. 9th Cir. 2007)).

Taylor argues that his omission was immaterial because the account itself was not the property of the estate and contained little to no value. *See id.* at 1197 (holding that the debtor's false oath must relate to a material fact). But materiality is "broadly defined," and "[a] false statement is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." *In re Wills*, 243 B.R. 58, 62 (B.A.P. 9th Cir. 1999); *see also Retz*, 606 F.3d at 1198. Thus, "[e]ven if the debtor can show that the assets were of little value or that a full and truthful answer would not have directly increased the estate assets, a discharge may be denied if the omission adversely affects the trustee's or creditors' ability to discover other assets or to fully investigate the debtor's pre-bankruptcy dealing and financial condition." *Wills*, 243 B.R. at 63 (quoting 6 King, Collier on Bankruptcy ¶ 727.04[1][b]). That is so because "[t]he fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations." *Id*.

By concealing the bank account, Taylor provided the trustee and creditors with an inaccurate picture of his financial condition and prevented them from learning that, in the months before his bankruptcy filing, he had access to thousands of dollars, which he used to pay personal bills and expenses. Moreover, as the BAP correctly observed, "the flow of money in and out of the [account] not only reveals concealed assets, but also shows that Mr. Taylor was working and earning." His omission was thus material.

**AFFIRMED.**