FOGEL, District Judge:
 

 Bankruptcy debtor Eyad Khalil (“Khal-il”) appeals a published decision of the Bankruptcy Appellate Panel (BAP), which affirmed a judgment of the bankruptcy court in favor of creditor Developers Surety and Indemnity Company (“DSI”).
 
 See Khalil v. Developers Sur. & Indem. Co. (In re Khalil),
 
 379 B.R. 163 (9th Cir. BAP 2007). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 

 We review decisions of the BAP
 
 de novo. Hanf v. Summers (In re Summers),
 
 332 F.3d 1240, 1242 (9th Cir.2003). We review the bankruptcy court’s conclusions of law
 
 de novo
 
 and its findings of fact for clear error.
 
 Id.
 

 DSI brought an adversary proceeding to prevent the discharge of certain debts related to Khalil’s construction business. After a bench trial before the bankruptcy court, judgment was entered in favor of DSI and discharge was denied pursuant to 11 U.S.C. § 727(a)(4), which provides for the denial of a discharge of debt where a creditor shows that a debtor “knowingly and fraudulently” made a false oath or account during the bankruptcy proceeding. The BAP affirmed, holding that while evidence of recklessness alone will not satisfy the intent requirement of § 727(a)(4), evidence of recklessness may be combined with other circumstantial evidence to prove fraudulent intent.
 
 Khalil,
 
 379 B.R. at 177.
 

 The BAP’s published opinion is a correct statement of the applicable law, and we expressly approve of that opinion by our decision today. We also have reviewed the record independently and conclude that there was substantial circumstantial evidence of Khalil’s fraudu
 
 *1169
 
 lent intent. Fraudulent intent may be inferred from a pattern of behavior.
 
 Devers v. Sheridan (In re Devers),
 
 759 F.2d 751, 754 (9th Cir.1985). The denial of discharge was proper.
 

 AFFIRMED.