**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAIDA DZAKULA,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>JOHN M. MCHUGH, Secretary of the Army,<br>*Defendant-Appellee.* | No. 11-16404<br><br>D.C. No.<br>5:10-cv-05462-PSG<br><br><br>ORDER AND<br>AMENDED<br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Submitted November 22, 2013[*]
San Francisco, California

Filed December 11, 2013
Amended January 15, 2014

Before:  Michael Daly Hawkins, Susan P. Graber,
and Morgan Christen, Circuit Judges.

Opinion by Judge Graber

---

 [*] The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Judicial Estoppel

The panel affirmed the district court's dismissal, based on judicial estoppel, of plaintiff's employment discrimination action.

Plaintiff had filed for Chapter 7 bankruptcy protection, and failed to list this employment discrimination action on her bankruptcy schedules.  The panel held that the district court applied the correct legal rule, properly weighed the factors set forth in *New Hampshire v. Maine*, 532 U.S. 742 (2001), and did not otherwise err in concluding that plaintiff's omission on her bankruptcy schedule was neither inadvertent nor mistaken, and that therefore judicial estoppel barred this action.

### COUNSEL

Jeanine G. Strong, Carmel, California, for Plaintiff-Appellant.

Stuart F. Delery, Assistant Attorney General, Melinda Haag, United States Attorney, and Mark B. Stern and Melissa N. Patterson, Attorneys, Appellate Staff, Civil Division, Department of Justice, Washington, D.C., for Defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**ORDER**

The opinion filed on December 11, 2013, and published at 737 F.3d 633, is amended by the opinion filed concurrently with this order, as follows:

At slip opinion page 3, 737 F.3d at 634, in the first paragraph, insert the following after "potential asset.":

> After Plaintiff added this action to the schedules, the bankruptcy court discharged her debts and closed the case.[1]
>
> _____
>
> [1] Plaintiff argued before the district court that, by operation of 11 U.S.C. § 554(c), this claim was abandoned to her when the bankruptcy court closed the case, and Defendants have not disputed that interpretation.

The time for filing petitions for panel rehearing and for rehearing en banc shall remain the same from the December 11, 2013, original filed date of the opinion.

**OPINION**

GRABER, Circuit Judge:

Plaintiff Maida Dzakula appeals the district court's dismissal of this action, which alleges that certain adverse employment actions by her employer, Defendant John M. McHugh, Secretary of the Army, resulted from

discrimination.  Plaintiff had filed for Chapter 7 bankruptcy protection, but she failed to list this action as an asset on her bankruptcy schedules.   Only when Defendant moved to dismiss this action on the ground of judicial estoppel did Plaintiff amend her bankruptcy schedules to add this potential asset.  After Plaintiff added this action to the schedules, the bankruptcy court discharged her debts and closed the case.[1] The district court held that no evidence suggested that Plaintiff's original omission had been inadvertent or mistaken and that, weighing the factors set forth in *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001), judicial estoppel bars this action.  Plaintiff timely appeals, and we affirm.

While this appeal was pending, we decided *Ah Quin v. County of Kauai Department of Transportation*, 733 F.3d 267 (9th Cir. 2013).   In that case, the plaintiff-debtor, like Plaintiff here, failed to list her separate action as an asset in her bankruptcy schedules, and the defendant moved to dismiss the action as barred by judicial estoppel.  *Id.* at 269–70.   When considering whether the omission was "inadvertent or mistaken," the district court in *Ah Quin* applied a "narrow interpretation" of those terms and held that, because the plaintiff-debtor knew about the claim and had a motive to conceal it, the omission was not "inadvertent or mistaken" *as a matter of law*.  *Id.* at 271–72; *see id.* at 272 (explaining that the district court appeared to conclude that it was "*bound* to apply" the narrow interpretation).   We reversed.   We held that "the ordinary understanding of 'mistake' and 'inadvertence'"—not the narrow interpretation applied by the district court—applies.  *Id.* at 277.

---

[1] Plaintiff argued before the district court that, by operation of 11 U.S.C. § 554(c), this claim was abandoned to her when the bankruptcy court closed the case, and Defendants have not disputed that interpretation.

We further held that the district court's application of the wrong legal rule was not harmless. *See id.* at 277–79. The evidence in that case supported "a conclusion either of mistake and inadvertence, or of deceit." *Id.* at 277. Many circumstances, such as the timing of Plaintiff's amendment to the bankruptcy schedules, suggested that perhaps the omission had been deceitful. *Id.* at 278. But some circumstances supported the conclusion that the omission had been inadvertent. *Id.* at 277–78. Of particular note, the plaintiff-debtor had "filed an affidavit in which she swore that, when she reviewed the bankruptcy schedules, she did not think that she had to disclose her pending lawsuit because the bankruptcy schedules were 'vague.'" *Id.* at 277. "[V]iewing the evidence in the light most favorable to Plaintiff, and thus crediting her affidavit, her bankruptcy filing was inadvertent." *Id.* at 278 (citation omitted). Accordingly, we remanded for further factual development. *Id.* at 279.

After we decided *Ah Quin*, we ordered supplemental briefing on the effect of *Ah Quin* on this case. We now conclude that *Ah Quin* is distinguishable. Unlike in *Ah Quin*, the district court here did not apply the wrong legal rule. Instead, the court correctly assessed whether Plaintiff's omission was inadvertent or mistaken under the ordinary understanding of those terms.

As in *Ah Quin*, Plaintiff here filed false (materially incomplete) bankruptcy schedules and did not amend those schedules until Defendant filed a motion to dismiss this action, suggesting that her omission had not been inadvertent. But unlike in *Ah Quin*, Plaintiff presented no evidence, by affidavit or otherwise, explaining her initial failure to include

the action on her bankruptcy schedules. The district court found:

> While Dzakula amended her schedules to reflect the pending action, she has not provided any explanation whatsoever as to why the pending action was not included on her schedules in the first place. She is silent on whether omission of the pending action from the schedules was inadvertent or intentional. For example, in a declaration, Dzakula could have stated whether or not she had knowledge of enough facts to know that she had a potential cause of action against the Army or whether she was, or was not, able to engage counsel who thought enough of her case to represent her and pursue such claims.

Even after the district court entered its order, Plaintiff did not seek reconsideration. Nor did she ever attempt to supplement the record with a declaration or any other evidence. And on appeal, Plaintiff does not challenge the accuracy of the district court's assessment.

Instead, Plaintiff appears to argue that *Ah Quin* mandates an evidentiary hearing any time a plaintiff-debtor omits a claim on his or her bankruptcy schedules and later amends those schedules. We disagree. As noted above, *Ah Quin* remanded for further factual development because, viewing the evidence in the light most favorable to the plaintiff-debtor, a reasonable fact-finder could conclude that the omission was inadvertent. On the present record, however, particularly in light of the timing of Plaintiff's amendment and her choice not to file a declaration explaining her initial

error, no reasonable fact-finder could conclude that the omission was inadvertent or mistaken. Because the district court applied the correct legal rule and did not otherwise err in assessing inadvertence or mistake, *Ah Quin* does not help Plaintiff.

Plaintiff also argues that the district court abused its discretion in assessing the three main *New Hampshire* factors. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("We review the district court's application of the doctrine of judicial estoppel to the facts of this case for an abuse of discretion."); *see also New Hampshire*, 532 U.S. at 750–51 (describing the three main factors). We disagree. As to the first factor, the district court held that, by failing to list the claim while at the same time pursuing the claim, Plaintiff "clearly asserted inconsistent positions." *Hamilton*, 270 F.3d at 784. Concerning the second factor, the district court concluded that, on the facts of this case, the bankruptcy court was misled by Plaintiff's omission. *Cf. id.* ("[A] discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated."). Finally, on the third factor, the district court held that Plaintiff derived an unfair advantage in bankruptcy court by failing to list the claim. *See id.* at 785 ("Hamilton's failure to list his claims against State Farm as assets on his bankruptcy schedules deceived the bankruptcy court and Hamilton's creditors, who relied on the schedules to determine what action, if any, they would take in the matter."). Although the district court might have been within its discretion to reach the opposite conclusion, we find no abuse of discretion in the district court's analysis.

Finally, Plaintiff raises new arguments on appeal, which we do not address. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) (holding that arguments not raised before the district court generally are waived).

**AFFIRMED.**