FILED

MAR 10 2014

NOT FOR PUBLICATION

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   CC-13-1192-TaKuPa |
| TAWNI T.T. NGUYEN, | Bk. No.   10-23224-TA |
| Debtor. | Adv. No.   11-01003-TA |
| NGU NGUYEN; MAI HUONG NGUYEN, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| TAWNI T.T. NGUYEN, | |
| Appellee. | |

Argued and Submitted on February 20, 2014
at Pasadena, California

Filed - March 10, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

———————————————

Appearances:    David Brian Lally argued for appellants Ngu Nguyen and Mai Huong Nguyen; Anerio Ventura Altman of Lake Forest Bankruptcy argued for appellee Tawni T.T. Nguyen.

———————————————

Before:  TAYLOR, PAPPAS, and KURTZ, Bankruptcy Judges.

———————

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

1

Appellants Ngu Nguyen and Mai Huong Nguyen appeal from a judgment in favor of Debtor Tawni T.T. Nguyen on their § 727(a)(3)[1] and (a)(4)(A) objection to discharge claims.  We AFFIRM.

**FACTS**

The Debtor is a news reporter and public figure in the Vietnamese community of Orange County, California.  Prior to filing her chapter 7 case, the Debtor owned a local television production company named Vietnamese Abroad Communications, Inc., doing business as Vietnamese Abroad Television ("VA-TV").  When VA-TV experienced financial difficulty, the Appellants loaned the Debtor $50,000.  VA-TV ultimately folded, and the Debtor repaid some, but not all, of the loan; at the time of trial $22,500 plus interest remained owing.

The Debtor was also a licensed real estate broker who owned and operated a real estate brokerage firm, Alpha Funding & Real Estate ("Alpha").  In 2008, Alpha earned two commissions in the amount of $11,225.

Following the collapse of VA-TV, the Debtor worked, as an independent contractor, at Vietnamese Broadcasting System ("VBS").  Her engagement with VBS concluded on August 31, 2010 – 19 days before she filed her chapter 7 case.

The Appellants objected to the Debtor's discharge.  Their complaint alleged that she "misfiled" and incorrectly disclosed certain information on her bankruptcy petition and schedules.  In

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

their pre-trial brief, the Appellants argued that the Debtor: omitted from her Statement of Financial Affairs ("SOFA") the 2008 Alpha commissions; falsely stated in her Certification of Employment Income Pursuant to 11 U.S.C. § 521(a)(1)(B)(iv) ("Certification") that she was unemployed in the 60 days prior to the petition date; falsely stated in her Schedule I that she then had no current income; failed to identify the source of income listed in her form B22A; and failed to produce bank statements from a personal bank account as requested through formal discovery.[2]

After trial, the bankruptcy court issued findings of fact and conclusions of law and determined that the Debtor was entitled to judgment on both § 727 claims. The Appellants timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(J). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

1. Whether the bankruptcy court violated the Appellants' due process rights by admitting the Debtor's bank records at trial?

2. Whether the bankruptcy court erred in granting judgment in favor of the Debtor on the Appellants' adversary complaint objecting to her bankruptcy discharge?

---

[2] The Appellants also disputed a number of other factual issues, a majority of which are not challenged on appeal.

**STANDARD OF REVIEW**

We review de novo allegations of a due process violation. <u>Marshall v. Marshall (In re Marshall)</u>, 721 F.3d 1032, 1039 (9th Cir. 2013).

In an action for denial of discharge, we review: (1) the bankruptcy court's determinations of the historical facts for clear error; (2) its selection of the applicable legal rules under § 727 de novo; and (3) its application of the facts to those rules requiring the exercise of judgments about values animating the rules de novo. <u>Searles v. Riley (In re Searles)</u>, 317 B.R. 368, 373 (9th Cir. BAP 2004), <u>aff'd</u>, 212 Fed. Appx. 589 (9th Cir. 2006).

Factual findings are clearly erroneous if illogical, implausible, or without support from inferences that may be drawn from the facts in the record. <u>Retz v. Samson (In re Retz)</u>, 606 F.3d 1189, 1196 (9th Cir. 2010). We give great deference to the bankruptcy court's findings when they are based on its determinations as to witness credibility. <u>Id.</u> (as the trier of fact the bankruptcy court has "the opportunity to note variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.").

**DISCUSSION**

**A.   The bankruptcy court did not violate the Appellants' due process rights when it admitted the bank records at trial.**

As a preliminary matter, the Appellants argue that the bankruptcy court violated their due process rights when it admitted two sets of the Debtor's bank records into evidence at trial over their objection. They allege that they requested

4

these documents through discovery, but that they were never produced.[3] The Debtor responded at trial and on appeal that her counsel had produced the documents via email to Appellants' counsel. While the exact date of the electronic production is unclear on this record, the Appellants do not expressly dispute receipt of the email attaching the bank records. Further, these bank records were listed as Debtor exhibits in the parties' joint pre-trial order.

Fundamentally, due process requires the opportunity to be heard. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). It is well-established that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. (citation omitted).

Here, the record establishes that the Appellants had actual access to these bank records prior to trial and actual notice that they would be introduced into evidence at trial. Thus, there was neither a due process violation nor error in admitting these documents at trial.

**B.    The bankruptcy court did not err in granting judgment in favor of the Debtor on the Appellants' § 727 claims.**

In general, the bankruptcy court must grant a chapter 7

---

[3] The Appellants also argue that the bankruptcy court's decision violated Rule 7026. Other than citing to the rule, the Appellants advance no argument on this point and, thus, we do not address it on appeal.

discharge unless an objector establishes that a denial of discharge is appropriate under one of the twelve enumerated grounds in § 727(a). In the spirit of the "fresh start" principles that the Bankruptcy Code embodies, claims for denial of discharge are liberally construed in favor of the debtor and against the objector. Khalil v. Developers Sur. & Indem. Co. (In re Khalil), 379 B.R. 163, 172 (9th Cir. BAP 2007), aff'd, 578 F.3d 1167 (9th Cir. 2009). For that reason, the objector bears the burden to prove by a preponderance of the evidence that the debtor's discharge should be denied. Id.

   1.   **There was no error as to the bankruptcy court's § 727(a)(3) determination.**

   Section 727(a)(3) provides for denial of discharge where, among other things, a debtor concealed or falsified recorded information from which the debtor's financial condition or business transactions might be ascertained. The underlying purpose of this subsection is "to make discharge dependent on the debtor's true presentation of his financial affairs." Caneva v. Sun Communities Operating Ltd. P'ship (In re Caneva), 550 F.3d 755, 761 (9th Cir. 2008). Even so, § 727(a)(3) "does not require absolute completeness in making or keeping records." Id. Instead, a debtor must only "present sufficient written evidence which will enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past." Id. A debtor's "duty to keep records is measured by what is necessary to ascertain [her] financial status." Moffett v. Union Bank, 378 F.2d 10, 11 (9th Cir. 1967); see also In re Hong Minh Tran,

6

464 B.R. 885, 893 (Bankr. S.D. Cal. 2012) (type of debtor, as well as debtor's sophistication, informs the bankruptcy court's determination).

An objector establishes a prima facie case under § 727(a)(3) by showing that: (1) the debtor failed to maintain and preserve adequate records; and (2) this failure rendered it impossible to ascertain the debtor's financial condition and material business transactions. In re Caneva, 550 F.3d at 761. Once the objector makes this showing, the burden shifts to the debtor to justify the inadequacy or nonexistence of records. Id. Whether a debtor failed to maintain and preserve adequate records is a finding of fact, which we review for clear error. Cox v. Lansdowne (In re Cox), 904 F.2d 1399, 1401 (9th Cir. 1990).

Emphasizing the Debtor's duty to preserve records, the Appellants argue that she failed to produce complete documents and "hid" documents until trial. They, however, do not specifically identify the documents that the Debtor failed to produce.

If their concern relates to the bank records, there is no dispute that the Debtor did not retain physical records for either her personal bank account or the joint account with Alpha. The bankruptcy court, however, found the Debtor's explanation reasonable; she moved residences twice prior to filing for bankruptcy and failed to retain physical possession of the records. It also observed that "in this day and age persons often forego keeping much of the paper records that cluttered up desks and cabinets in years past, relying instead on the computer and the internet." Statement of Decision After Trial at 5. The

7

fact that Alpha ceased operating prepetition and the size of that business further supported its finding that the omissions or non-disclosures were reasonable and, thus, excused. In any event, the bankruptcy court determined that the Appellants' argument as to bank records was rendered moot when the Debtor produced them to the Appellants.

These findings were not clearly erroneous. See In re Retz, 606 F.3d at 1196; see also Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills Prop., LLC), 457 B.R. 29, 40 (9th Cir. BAP 2011) (when there are two permissible views of the evidence, the bankruptcy court's choice between them cannot be clearly erroneous). As a result, the bankruptcy court did not err in determining that the Debtor's failure to preserve physical records was justified under the circumstances and, thus, granting judgment in the Debtor's favor on the § 727(a)(3) claim.

**2. There was no error as to the bankruptcy court's § 727(a)(4)(A) determination.**

Section 727(a)(4)(A) provides for denial of discharge where: (1) the debtor made a false oath in connection with the bankruptcy case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. In re Retz, 606 F.3d at 1197 (citation and internal quotation marks omitted).

Appellants first contend that the bankruptcy court erred by finding that the Debtor did not make a false oath. In particular, they focus on her failure to disclose the 2008 income in her SOFA and her failure to accurately disclose her income and

8

employment during the 60 days prior to her bankruptcy.

The bankruptcy court, however, found that the Debtor's disclosure on her SOFA of zero income for 2008 was not "technically correct," because, subsequently, the Debtor admitted that Alpha earned $11,225 in 2008. Similarly, the bankruptcy court found that the Debtor's Certification was incorrect. There the Debtor asserted that she was unemployed in the 60 days prior to filing bankruptcy. Subsequently the Debtor acknowledged that she was an independent contractor (but not an employee) of VBS, and that her engagement with VBS ended less than a month before her bankruptcy filing. The record also reflects that she listed $1,965 in her form B22A in response to "income from the operation of a business, profession, or farm." These statements, thus, constituted a false oath. See In re Searles, 317 B.R. at 377 ("A false oath is complete when made.").

Even if the Appellants met their burden of establishing that the Debtor made a false oath, they also bore the burden under § 727(a)(4)(A) of establishing that the Debtor did so fraudulently. A debtor acts with fraudulent intent when: (1) she makes a misrepresentation; (2) that at the time she knew was false; and (3) with the intention and purpose of deceiving creditors. In re Retz, 606 F.3d at 1198-99. Fraudulent intent is typically "proven by circumstantial evidence or by inferences drawn from the debtor's conduct." Id. at 1199. A pattern of falsity or a debtor's reckless indifference or disregard for the truth may support a finding of intent. Id. Fraudulent intent is a finding of fact reviewed for clear error. Id. at 1197.

Here, the bankruptcy court found that the Debtor's

9

explanation as to her omission of the 2008 income was reasonable. The Debtor testified that she erroneously believed that the SOFA called for information as to net rather than gross income. Thus, she listed zero income for 2008 because, based on her erroneous assumption, the $11,225 was offset by rental payments and advertising costs for Alpha during 2008. The bankruptcy court accepted this explanation and, notably, observed that the "discrepancy was trivial and in good faith," particularly given the period of time between receipt of the income in 2008 and the bankruptcy filing in 2010.

The bankruptcy court also found acceptable the explanation as to the errors in the Certification. It noted that the Debtor's Schedule I contained a favorable clarification; namely, a statement that the Debtor was "unemployed since September 1, 2010." It also noted that the Debtor disclosed $1,965 in business income in her form B22A. It construed these facts together with the Debtor's apparent confusion regarding employee versus independent contractor status and found insufficient evidence of an intent to deceive.

While the record may contain facts supportive of alternate inferences, the bankruptcy court was in the best position to evaluate the documentary and testimonial evidence. See In re Retz, 606 F.3d at 1196. The record shows that, after evaluating the evidence, the bankruptcy court declined to infer fraudulent intent based on the Debtor's course of conduct and other circumstantial evidence. Viewed through the required deferential lens on appellate review, the bankruptcy court's findings were not clearly erroneous. See id. Thus, it did not

err in finding a lack of fraudulent intent.

This analysis likewise applies to the Appellants' argument that the evidence sufficiently demonstrated the Debtor's reckless indifference or disregard for the truth. Although the bankruptcy court did not make explicit findings in this regard, as previously discussed, the record reflects that it declined to find the requisite state of mind necessary for denial of discharge. Its analysis, thus, is inconsistent with a finding of a reckless indifference or disregard for the truth based on the totality of the evidence.

Along the same lines, the Appellants argue that the bankruptcy court erred in failing to determine that a sufficient pattern and practice of dishonesty existed in the Debtor's schedules and SOFA to warrant denial of discharge. We disagree. The bankruptcy court determined that, even if construed in the aggregate, the Debtor's omissions and misstatements were ultimately inconsequential and, thus, insufficient to warrant a denial of discharge. It observed that the omissions and misstatements were likely the product of inadvertence or perhaps the fact that English was the Debtor's second language. Once again, the bankruptcy court findings were not clearly erroneous. See id. Thus, it did not err in determining a lack of dishonest pattern or practice.[4]

In sum, the Appellants have shown no error in the bankruptcy

---

[4] Given the determination that the Appellants failed to meet their burden of proof as to fraudulent intent, it is unnecessary to consider whether the bankruptcy court correctly considered the other elements of a § 727(a)(4)(A) claim.

11

court's judgment as to the § 727(a)(4)(A) claim.

**CONCLUSION**

We AFFIRM the bankruptcy court's judgment in favor of the Debtor.