NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CLARENCE THOMAS CUMMINGS,<br><br>Debtor,<br><br>―――――――――――――――<br><br>CLARENCE THOMAS CUMMINGS and PAMELA K. CUMMINGS,<br><br>Appellants,<br><br>v.<br><br>UST- UNITED STATES TRUSTEE, PHOENIX,<br><br>Appellee. | No. 12-60077<br><br>BAP No. 12-1114<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Jury, and Houle, Bankruptcy Judges, Presiding

Submitted February 5, 2015[**]
San Francisco California

―――――――――――――

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN and RAWLINSON, Circuit Judges, and DEARIE, Senior District Judge.[***]

Chapter 7 debtors Clarence Thomas Cummings and Pamela K. Cummings appeal from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the portion of the bankruptcy court's order denying discharge on the ground that the debtors made false oaths within the meaning of section 727(a)(4)(A) of the Bankruptcy Code, 11 U.S.C. § 727(a)(4)(A). (The BAP did not examine the bankruptcy court's alternative denial of discharge under section 727(a)(2)(A) and (B), based on findings of fraudulent pre- and post-petition property concealment or transfers). The bankruptcy court rejected the explanatory testimony of Mr. Cummings as "not credible" and "beyond not credible" and the BAP found that "there is ample evidence to support the bankruptcy court's findings under § 727(a)(4)(A)."

We "conduct[ ] 'an independent review of the bankruptcy court's decision without deferring to the BAP.'" Ghomeshi v. Sabban (In re Sabban), 600 F.3d 1219, 1221 (9th Cir. 2010) (quoting Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000)). We review

---

[***] The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

conclusions of law *de novo* and findings of fact for clear error, reversing only when a factual determination "is illogical, implausible, or without support in the record." Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010). "A finding of fraudulent intent is a finding of fact reviewed for clear error." Id. at 1197. Of course, "[w]hen factual findings are based on determinations regarding the credibility of witnesses, we give great deference to the bankruptcy court's findings, because the bankruptcy court, as the trier of fact, had the opportunity to note 'variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'" Id. (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985)).

We affirm.

Wisely abandoning any challenge to the bankruptcy court's credibility findings per se, debtors claim that the bankruptcy court failed to consider other "[v]oluminous independent and undisputed documentary evidence" introduced at trial that, they assert, "completely obliterated any suggestion of [fraudulent] intent." The materials on which debtors rely, however, are inextricably intertwined with Mr. Cummings' testimony, and it was not error for the bankruptcy court to elect not to address each by name. Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re

3

Tevis), 347 B. R. 679, 696 (9th Cir. B.A.P. 2006) ("The [bankruptcy] court has no obligation to mention all of the evidence that it has considered").

More critically, these materials do not advance debtors' claim of inadvertence or otherwise suggest bankruptcy court error. To the contrary, the documents corroborate the obviousness of debtors' fraud and the objective it advanced, *viz.,* to insulate First Beacon Management Co., LLC, the new corporate anchor of their post-petition fresh start, from the stigma of bankruptcy.

Debtors' eventual disclosure of their interest in First Beacon on their third amended Schedule B does not negate their initial fraud. Beauchamp v. Hoose (In re Beauchamp), 236 B. R. 727, 734 (9th Cir. B.A.P. 1999), aff'd, 5 Fed. App'x 743 (9th Cir. 2001) (affirming for reasons set forth in BAP's opinion). To the contrary, the sequence of debtors' filings substantiates the presence of fraud: they elected, twice, to amend their Schedule B without adding First Beacon, and disclosed First Beacon only after the issuance of an order granting the Trustee additional time to investigate.

Debtors' collateral assertions are likewise without merit. The bankruptcy court's consideration of matters outside the four corners of the Trustee's pleading was not improper, as debtors consented in the joint pre-trial statement to the admissibility of the evidence on which the court based its findings and, in any

4

event, the bankruptcy court was entitled to consider any evidence presented at trial and to base its decision on any grounds within the claims alleged. Tevis, 347 B. R. at 695 ("It is the bankruptcy court's responsibility to evaluate the evidence presented"). This Court, of course, may affirm on any ground supported in the record. ASARCO, LLC v. Union Pacific R. Co., 765 F.3d 999,1004 (9th Cir. 2014) (citations omitted).

The Trustee fully carried its burden of proving by a preponderance of the evidence each of the elements of a section 727(a)(4)(A) claim, *i.e.*, that under the circumstances, debtors' failure to disclose their interest in First Beacon as debtor property was a "false oath" relating to a material fact made knowingly and fraudulently. See 11 U.S.C. § 727(a)(4)(A); Retz, 606 F.3d at 1197 (reciting the required elements of claim of false oath under section 727(a)(4)(A); Khalil v. Developers Sur. & Indem. Co. (In re Khalil), 379 B.R. 163, 176 (9th Cir. B.A.P. 2007) ("[T]he size or nature of a single [misstatement or omission] might suffice to support a finding that a debtor knowingly and fraudulently made a false oath or account."), aff'd, 578 F.3d 1167, 1168 (9th Cir. 2009) ("The BAP's published opinion is a correct statement of the applicable law.").

We need not reach the bankruptcy court's finding that debtors made other false oaths or its alternative decision to deny discharge under section 727(a)(2).

**AFFIRMED**.