**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 15-3415

———————————

IN RE: NICHOLAS ELIAN;
MARTHA MIQUEO-ELIAN

FRANK BERTUCCI

v.

NICHOLAS ELIAN,

Appellant

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. Civil Action No. 2-15-cv-00242)
District Judge: Honorable Katherine S. Hayden

———————————

Submitted under Third Circuit LAR 34.1(a)
on June 22, 2016

Before: FISHER, GREENAWAY, JR. and ROTH, Circuit Judges

(Opinion filed: September 27, 2016)

———————————

OPINION[*]

———————————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, <u>Circuit Judge</u>

Nicholas Elian and his wife Martha Miqueo-Elian appeal the District Court's judgment affirming the Bankruptcy Court's grant of summary judgment to Frank Bertucci. We will affirm.

## I.      Background

Because we write for the parties, who are familiar with this matter, we set forth only those facts relevant to the resolution of this appeal. In 2004, Elian, a licensed dentist, acquired a two-thirds interest in an entity called Sylvan Avenue, LLC. Subsequently, Elian formed and became the sole member of Vizstara, LLC, and Vizstara Professional, LLC. In 2010, he filed a petition for relief under Chapter 7 of the Bankruptcy Code, and the Vizstara companies filed for Chapter 11 bankruptcy. At the time of the petitions, Elian owed Frank Bertucci $1,347,247.38. Bertucci obtained a judgment in the Superior Court of the Province of Quebec in 2009, and later sought enforcement of the judgment in New Jersey.

In an adversary proceeding in Bankruptcy Court, Bertucci sought to bar Elian's discharge on multiples grounds under 11 U.S.C. § 727(a), which disallows a debtor who has engaged in certain conduct from discharging his debt in bankruptcy. Following cross-motions for summary judgment, the Bankruptcy Court denied both motions for relief under § 727(a)(2), granted Elian's motion for summary judgment under § 727(a)(3), and granted Bertucci's motion for summary judgment under § 727(a)(4) and (5). The Bankruptcy Court subsequently dismissed the § 727(a)(2) claim for lack of

prosecution and closed the adversary proceeding. Elian appealed the grant of summary judgment as to § 727(a)(4) and (5) to the District Court; the District Court affirmed the judgment.

## II.    Discussion[1]

This Court exercises plenary review over the District Court's affirmance of a Bankruptcy Court order granting summary judgment and applies the same standard that the District Court applied.[2] A court may grant summary judgment under Federal Rule of Civil Procedure 56(a), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.[3] We review the Bankruptcy Court's legal determinations *de novo* and its factual findings for clear error.[4]

### A.    Claim under § 727(a)(4)

Elian argues that the Bankruptcy Court erred in concluding that he knowingly and fraudulently made a false oath in his petition. In pertinent part, § 727(a)(4) exempts debts from discharge if "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." The Bankruptcy Court found that Elian failed to list in his initial bankruptcy schedules (1) a retirement account maintained by New York University Dental School, (2) his wedding ring, (3) his interest in seven other

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291.
[2] *Sikirica v. Wettach.*, 811 F.3d 99, 103 (3d Cir. 2016).
[3] *Rosen v. Bezner*, 996 F.2d 1527, 1530 (3d Cir. 1993).
[4] *Hefta v. Official Comm. of Unsecured Creditors (In re American Classic Voyages Co.)*, 405 F.3d 127, 130 (3d Cir. 2005).

businesses which he states were not active or which he never operated, (4) a TD Bank account titled in Miqeo-Elian's name, and (5) a loan due from Sylvan Avenue, LLC. Because Elian does not dispute that he failed to include these assets in the initial schedules, there is no dispute that Elian made a false oath in connection with the bankruptcy proceeding, and therefore the Bankruptcy Court did not clearly err.

Although Elian subsequently amended his schedules, a debtor cannot undo a false oath upon its discovery by subsequently amending his schedules.[5]  In addition, even though Elian explains that he omitted the assets because they were exempt or worthless, he has not adequately explained his continued failure to completely disclose the Sylvan loan and retirement account.  Reckless indifference to the truth is the functional equivalent of fraud for the purposes of denying a discharge to a debtor under § 727(a)(4).[6]  Therefore, the discharge is disallowed under § 727(a)(4).

**B.  Claim under § 727(a)(5)**

Although our affirmance of the denial of discharge under § 727(a)(4) is sufficient to resolve this appeal, we briefly discuss our grounds for affirming the denial of discharge under § 727(a)(5).  Elian argues that the Bankruptcy Court erred in concluding that he failed to explain a loss of assets.  Under § 727(a)(5), no discharge shall be granted if "the debtor has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities."  It is well established that "[v]ague and indefinite

---

[5] *In re Costello*, 299 B.R. 882, 899-900 (Bankr. N.D. Ill. 2003).
[6] *See, e.g.*, *In re Khalil*, 578 F.3d 1167, 1168 (9th Cir. 2009); *In re Chavin*, 150 F.3d 726, 728 (7th Cir. 1998); *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992); *In re Tully*, 818 F.2d 106, 112 (1st Cir. 1987); *Diorio v. Kreisler-Borg Const. Co.*, 407 F.2d 1330, 1331 (2d Cir. 1969).

explanations of losses that are based upon estimates uncorroborated by documentation are unsatisfactory."[7]

Here, the Bankruptcy Court found that a financial statement submitted to Team Capital Bank in connection with Elian's application for a $500,000 loan indicates that, in May 2009, the Elians maintained $400,000 in cash and $750,000 in personal property, for a total of $1,150,000 in liquid assets. Just 19 months later, the Elians reported to the Bankruptcy Court only $19,819.49 in cash on deposit and $1,000 in personal property, for a total of $20,819.49. Elian offers two explanations, neither of which is persuasive.

First, Elian argues neither he nor his wife signed the financial statement. However, the statement was certified by a bank employee as completed in accordance with the bank's loan process. Second, Elian argues the Bankruptcy Court should have granted summary judgment on § 727(a)(5) in his favor because the Bankruptcy Court had granted summary judgment in his favor with respect to § 727(a)(3), and the two provisions are related. However, § 727(a)(3), which disallows a discharge if the debtor "has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any record information[,]" calls for an analysis distinct from that required by § 727(a)(5). Elian has failed to offer any documentary evidence to corroborate his statement that he did not own the assets in the statement. Therefore, the discharge is disallowed under § 727(a)(5).

III.    Conclusion

For the foregoing reasons, we will affirm the order of the District Court.

_____

[7] *In re Chalik*, 748 F.2d 616, 619 (11th Cir. 1984) (citations and internal quotation marks omitted).