NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUZANNE CARNAHAN, an individual and CHRIS CARNAHAN, an individual, | No. 16-55988 |
| Plaintiffs-Appellants, | D.C. No. 5:15-cv-02319-JGB-KK |
| v. | MEMORANDUM* |
| SETERUS, INC.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted February 5, 2018**
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and KORMAN,*** District Judge.

This action by Suzanne and Chris Carnahan alleges that Bank of America,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

N.A. ("B of A") and Seterus, Inc. engaged in improper debt collection. The district court dismissed the suit, concluding that the Carnahans are estopped from bringing these claims because the Carnahans did not schedule them as assets in their bankruptcy proceedings. We affirm.

1. The district court did not abuse its discretion in applying judicial estoppel. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (applying abuse of discretion review). "[A] party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.* at 783. The Carnahans argue their case falls outside the general rule, because their reorganization plan required repayment of their debts in full. Thus, invoking *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001), they contend that the bankruptcy court did not adopt or rely on their omission in approving their reorganization plan, and that their omission did not provide them with any "unfair advantage." But, judicial estoppel applies because, in approving a plan of reorganization, the bankruptcy court accepted the accuracy of the Carnahans' schedules. *See Hamilton*, 270 F.3d at 784 (observing that "[t]he bankruptcy court may 'accept' the debtor's assertions" in a variety of ways, including "approv[ing] the debtor's plan of reorganization"); *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013) (explaining that a debtor obtains an "unfair advantage" through "discharge *or plan confirmation* without

2

allowing the creditors to learn of the pending lawsuit" (emphasis added)); *An-Tze Cheng v. K & S Diversified Invs., Inc. (In re An-Tze Cheng)*, 308 B.R. 448, 453 (B.A.P. 9th Cir. 2004) ("Among other possibilities . . . the confirmation of a plan may constitute sufficient 'acceptance' of the accuracy of schedules so as to permit judicial estoppel."). And, the Carnahans benefited from the reorganization plan, which gave them more time to repay their debt to B of A, without interest.[1]

2. After the district court dismissed this suit, the Carnahans amended the schedules in their bankruptcy proceeding to list claims against B of A and Seterus. But, this amendment occurred after the plan of reorganization had already been approved. Moreover, the Carnahans do not suggest that the omission of these claims from the earlier schedules resulted from inadvertence or mistake. *See Dzakula v. McHugh*, 746 F.3d 399, 401–02 (9th Cir. 2014) (finding judicial estoppel although the plaintiff amended her bankruptcy schedules, because "she has not provided any explanation whatsoever as to why the pending action was not included on her schedules in the first place"). The amendment therefore does not vitiate the district court's application of judicial estoppel.

3. The district court did not abuse its discretion in denying leave to amend the Carnahans' second amended complaint. "[T]he district court's discretion in

---

[1] We grant the parties' motions to take judicial notice of various documents filed in the Carnahans' bankruptcy proceedings, **Dkts. 11, 20, 29**.

3

denying amendment is 'particularly broad' when it has previously given leave to amend." *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)). The district court acted within its discretion given the Carnahan's "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**AFFIRMED**.