NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: WILLIAM WALTER PLISE, <br><br> Debtor, <br> _____ <br><br> WILLIAM WALTER PLISE, <br><br> Appellant, <br><br> v. <br><br> SHELLEY D. KROHN, Chapter 7 Trustee, <br><br> Appellee. | No.   15-15786 <br><br> D.C. No. 2:14-cv-00186-GMN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted December 6, 2017
Pasadena, California

Before:  WARDLAW and GOULD, Circuit Judges, and COLLINS,[**] Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Raner C. Collins, Chief United States District Judge for the District of Arizona, sitting by designation.

William Walter Plise ("Plise"), Chapter 7 debtor and defendant in the related adversary bankruptcy action, appeals the district court's affirmance of the bankruptcy court's grant of partial summary judgment in favor of Shelley Krohn ("Krohn"), trustee of his bankruptcy estate and plaintiff in the adversary action. The contested order sustains Krohn's claim that Plise should be denied discharge under 11 U.S.C. § 727(a)(4)(A) because he knowingly and fraudulently made a false oath or account on his bankruptcy schedules or statements of financial affairs as they concern the entity 5550 Las Vegas, LLC.

The parties are familiar with the facts of this matter and, as such, we need not repeat them here. We conclude, on the basis of those portions of the record which neither party debates, that the bankruptcy court erred in granting partial summary judgment in favor of Krohn.

## I

The district court heard the initial appeal of this matter pursuant to 28 U.S.C. § 158(a). We have jurisdiction to review the district court's decision pursuant to 28 U.S.C. § 158(d)(1). "The role of the district court and this court are basically the same in the bankruptcy appellate process . . . [w]e review the bankruptcy court decision directly . . . [w]e review the bankruptcy court's findings of fact for clear error, and its conclusions of law de novo." *Microsoft Corp. v. DAK Indus., Inc. (In re DAK Indus., Inc.)*, 66 F.3d 1091, 1094 (9th Cir. 1995) (citations omitted). Here,

we review the bankruptcy court's partial grant of summary judgment de novo, "view[ing] the evidence in the light most favorable to the non-moving party and 'determin[ing] whether there are any genuine issues of material fact and whether the bankruptcy court correctly applied the substantive law.'" *Caneva v. Sun Cmts. Operating Ltd. P'ship (In re Caneva),* 550 F.3d 755, 760 (9th Cir. 2008) (quoting *Parker v. Cmty. First Bank (In re Bakersfield Westar Ambulance, Inc.)*, 123 F.3d 1243, 1245 (9th Cir. 1997)).

## II

As we have noted, the underlying issue in this case is whether, viewing the evidence in the light most favorable to Plise, there was a genuine issue of material fact as to whether he knowingly and fraudulently made a false oath or account as described and condemned in 11 U.S.C. § 727(a)(4)(A). That section states: "[t]he court shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently, in or in connection with the case[,] made a false oath or account." 11 U.S.C. § 727(a)(4)(A). "A false statement or an omission in the debtor's bankruptcy schedules or statement of financial affairs can constitute a false oath." *Khalil v. Developers Sur. & Indem. Co.* (*In re Khalil*), 379 B.R. 163, 172 (9th Cir. BAP 2007), *aff'd*, 578 F.3d 1167 (9th Cir. 2009).

As the party objecting to Plise's discharge under § 727(a), Krohn bore the burden of proving, by a preponderance of the evidence, that the discharge should

be denied. *Retz v. Samson* (*In re Retz*), 606 F.3d 1189, 1196 (9th Cir. 2010). The bankruptcy court was obliged to "'construe §727 liberally in favor of [Plise] and strictly against [Krohn].'" *Id.* (quoting *Bernard v. Sheaffer* (*In re Bernard*), 96 F.3d 1279, 1281 (9th Cir.1996)). Moreover, in considering the issue on summary judgment, the bankruptcy court was obliged to refrain from weighing the evidence or making credibility determinations. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge").

Plise opposed Krohn's motion for partial summary judgment by filing a written response supported by a "statement of disputed facts" and a declaration wherein he flatly denied that he possessed any fraudulent intent and spoke to his "oversight" in failing to list 5550 Las Vegas, LLC on his statement of financial affairs. During oral argument, the bankruptcy court made the following statements about Plise and the evidence he proffered in support of his opposition:

> "But isn't there a point when you go this is such ridiculous lies...why should I bother listening to this person tell me these lies on the stand?"

> "But isn't there a point at which you just go these are such ridiculous lies?"

> "How can I believe that somebody who went through $17,000,000, who purported to have $10,000,000 two years before he filed, who was as sophisticated business person couldn't remember he had these

15-15786

bank accounts that he'd gone through $2,000,000? How can I possibly believe that?"

The bankruptcy court's subsequent written order asserted that she had read and considered Plise's declaration but found that partial summary judgment was nonetheless appropriate "based upon the Debtor's false oaths and accounts in failing to schedule his ownership interest in 5550 Las Vegas LLC." The order also incorporated, by reference, those findings of fact and conclusions of law the court made on the record during oral argument.

The United States Supreme Court has held that if one party's "version of events is so utterly discredited by the record that no reasonable jury could have believed him" summary judgment is appropriate. *Scott v. Harris*, 550 US 372, 380 (2007). However, we have also observed that "cases where intent is a primary issue generally are inappropriate for summary judgment[.]" *Provenz v. Miller*, 102 F.3d 1478, 1489 (9th Cir. 1996). As the Ninth Circuit Bankruptcy Appellate Panel explained: "Fraud claims, in particular, normally are so attended by factual issues (including those related to intent) that summary judgment is seldom possible." *In re Stephens*, 51 B.R. 591, 594 (9th Cir. BAP 1985).

Admittedly, we have recently upheld a lower court's grant of summary judgment in a case where a debtor's fraudulent intent was at issue. In *Dzakula v. McHugh*, 746 F. 3d 399, 400 (9th Cir. 2013), the debtor filed bankruptcy schedules that omitted reference to an ongoing discrimination matter in which she was

plaintiff. Only later, and in the face of a motion to dismiss filed by the defendant in the discrimination matter, did the debtor file an amended schedule correcting the omission. *Id*. On the facts of *that* case, we held that no reasonable finder of fact could have concluded that the debtor lacked fraudulent intent. *Id*. In that matter, however, the debtor did not present any evidence "by affidavit or otherwise explaining her initial failure to include the discrimination action on her bankruptcy schedules." *Id*. at 401. She remained silent. Accordingly, there was no evidence in the record to contradict a finding of fraudulent intent. Here, there was.

Viewing Plise's declaration in the light most favorable to him, a reasonable finder of fact could find that his version of events does not support a finding of fraudulent intent. By disregarding such evidence the bankruptcy court was, in effect, weighing it and making a credibility determination. While the bankruptcy court is entitled to make such a determination following a bench trial and may be entirely justified in doing so in this case, it was nonetheless improper for the court to do so at the summary judgment stage. We therefore conclude that the bankruptcy court erred in granting partial summary judgment in favor of Krohn. In arriving at this decision we need not reach the remaining arguments Plise urges in his briefs. Nor must we decide Plise's motions for judicial notice (Dkt. Nos. 10 and 30).

## III

Plise has filed a number of other motions in this appeal (Dkt Nos. 45, 51, 52) which we feel compelled to comment upon. Therein, counsel makes several ad hominem attacks alleging unethical behavior on the part of opposing counsel, former co-counsel, the prior judges who have heard this matter, and the trustee. We are, in short, hugely unimpressed with counsel's efforts, which we find both improper and unprofessional. These motions are denied.

**IT IS ORDERED** that the bankruptcy court's grant of partial summary judgment is hereby **VACATED** and this matter is **REMANDED** for further proceedings consistent with this opinion. Furthermore, all pending motions in this matter are **DENIED**.

15-15786