NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANY GERALDO; WENDOLY GUZMAN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> RICHLAND HOLDINGS, INC., DBA Acctcorp of Southern Nevada; RC WILLEY, AKA RC Willey Financial Services, <br><br> Defendants-Appellees. | No. 17-16636 <br><br> D.C. No. 2:17-cv-00015-JCM-PAL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Dany Geraldo and Wendoly Guzman appeal from the district court's

judgment dismissing their action alleging Fair Debt Collection Practices Act

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("FDCPA") and state law claims. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).

We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

Dismissal of plaintiffs' action was proper under the doctrine of judicial estoppel because plaintiffs omitted their FDCPA and state law claims from their bankruptcy schedules and failed to allege sufficient facts to show that such omission was due to inadvertence or mistake. *See Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271-73 (9th Cir. 2013) (explaining application of judicial estoppel in the bankruptcy context and effect of an inadvertent or mistaken omission from a bankruptcy filing; the court applies a "presumption of deliberate manipulation" when a plaintiff-debtor has not reopened bankruptcy proceedings); *see also Dzakula v. McHugh*, 746 F.3d 399, 401-02 (9th Cir. 2014) (inadvertence or mistake not established where plaintiff amended her bankruptcy schedules after the filing of a motion to dismiss and did not file a declaration explaining her initial omission).

The district court did not abuse its discretion by denying leave to file an amended complaint because amendment would be futile. *See Cervantes v.*

17-16636

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

Plaintiffs' motion to file a late reply brief (Docket Entry No. 36) is granted. The Clerk shall file the reply brief at Docket Entry No. 35.

**AFFIRMED.**