**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LINDA L. GARMONG, | No. 19-60017 |
| Debtor, | BAP No. 18-1193 |
| GREGORY GARMONG, | |
| Appellant, | MEMORANDUM* |
| v. | |
| LINDA L. GARMONG, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Taylor, and Brand, Bankruptcy Judges, Presiding

Submitted June 9, 2020**
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and ROYAL,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable C. Ashley Royal, Senior United States District Judge
for the Middle District of Georgia, sitting by designation.

Dr. Gregory Garmong appeals from a decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's denial of his motion to alter or amend the order of discharge under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e). *See* Fed. R. Bankr. P. 9023 (making Fed. R. Civ. P. 59 applicable to bankruptcy cases). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review for an abuse of discretion the bankruptcy court's decision regarding reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or., v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The bankruptcy court did not abuse its discretion in denying Dr. Garmong's motion because Dr. Garmong failed to demonstrate any basis for relief. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (listing bases for granting reconsideration under Rule 59(e)). Under Bankruptcy Rules 4004(a) and 7001(4), Dr. Garmong's objections to his ex-wife's discharge under §§ 727(a)(2)(B), (a)(4)(A), and (a)(4)(B) required adjudication through an adversary proceeding. *See In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010) (creditors objecting to discharge under §§ 727(a)(2)(B), (a)(4)(A), and (a)(4)(B) "bear[ ] the burden of proving by a preponderance of the evidence that [the

debtor's] discharge should be denied" (alterations in original) (quoting *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (9th Cir. BAP 2007), *aff'd,* 578 F.3d 1167, 1168 (9th Cir. 2009))). Dr. Garmong filed an adversary proceeding, which the bankruptcy court dismissed for failure to prosecute. Dr. Garmong neither appealed that dismissal nor requested a stay of the dismissal order. He cannot use a motion for reconsideration as a substitute for the appeal he should have taken from the dismissal of the adversary proceeding.

**AFFIRMED.**