**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVAN GREEN; DINA GREEN,<br><br>  Plaintiffs-Appellants,<br><br> v.<br><br>NEW PENN FINANCIAL LLC, DBA Shellpoint Mortgage Servicing; THE BANK OF NEW YORK MELLON, FKA Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass Through Trust 2005-01, Mortgage Pass-Through Certificates, Series 2005-01,<br><br>  Defendants-Appellees,<br><br> and<br><br>PEAK FORECLOSURE SERVICES, INC.; DOES, 1 through 10, Inclusive,<br><br>  Defendants. | No.    19-55363<br><br>D.C. No.<br>5:18-cv-01736-JGB-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted December 11, 2020[**]

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: GOULD and R. NELSON, Circuit Judges, and COGAN,*** District Judge.

Kevan and Dina Green appeal the district court's summary judgment order for Defendants-Appellees on the Greens' California Civil Code § 2924(a)(6) claim, breach of the covenant of good faith and fair dealing claim, and their Business and Professions Code § 17200 claim. Because the district court did not abuse its discretion in applying judicial estoppel, and the Greens have waived any argument to the contrary, we affirm.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]e review a district court's application of the doctrine of judicial estoppel for an abuse of discretion." *Arconic, Inc. v. APC Inv. Co.*, 969 F.3d 945, 950 (9th Cir. 2020) (citation omitted).

Here, the district court found summary judgment was appropriate because all of the Greens' claims are precluded by judicial estoppel. Judicial estoppel

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

"prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotation marks and citation omitted). "[S]everal factors [that] typically inform the decision whether to apply the doctrine in a particular case" include if a party's later position is "clearly inconsistent" with a previous position; whether the party "succeeded in persuading a court to accept" its previous position; and whether the party "would derive an unfair advantage" if not estopped. *Id.* at 750–51.

The district court did not abuse its discretion in applying judicial estoppel to the Greens' claims. In the Greens' bankruptcy proceedings, they failed to disclose any potential disputes or claims against the Defendants-Appellees despite an affirmative duty to do so. *See Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992). However, the claims at issue here are based on allegedly flawed assignments of a note and deed of trust, which the Greens concede occurred prior to the bankruptcy disclosures. Thus, even assuming the Greens' allegations are true, the claims should have been disclosed in the bankruptcy proceedings. The Greens plainly succeeded on their prior position that they had no potential claims when the Bankruptcy Court entered an Order of Discharge. *See Dzakula v. McHugh*, 746 F.3d 399, 402 (9th Cir. 2014). And it would be unfair for the Greens to conceal their nascent claims in the bankruptcy

3

proceedings to receive a discharge and then prevail by raising those claims in this subsequent action. *Id.*

The Greens waived any argument against the application of judicial estoppel by "[b]afflingly . . . fail[ing] to address the question of judicial estoppel at all" in their opposition to the motion for summary judgment or its briefs on appeal. We therefore conclude the district court properly granted the Defendants-Appellees' motion for summary judgment.

**AFFIRMED.**

4